BRITAIN v. RICE. (No. 838.)

(Court of Civil Appeals of Texas. El Paso. April 18, 1918. On Rehearing, May 16, 1918.)

1. WITNESSES ⬤⟿330(3)—CROSS-EXAMINATION —IMPEACHMENT—MATERIALITY.

In broker's action for commission for sale of land, where pleadings raised an issue as to the terms and conditions of the sale, cross-examination of principal as to terms of sale was not objectionable as tending to impeach witness on collateral matter.

2. BROKERS ⬤⟿85(6)—ACTIONS—EVIDENCE—ADMISSIBILITY.

In action for commission by real estate broker, evidence that principal, while sale was pending, inquired of a witness whether he would be liable for commission if, having listed land for cash, he transferred it in a trade or for notes, held admissible.

3. BROKERS ⬤⟿84(1) — ACTIONS — BURDEN OF PROOF.

In broker's action for commission for sale of land, the burden of proving the commission agreed upon is upon the broker.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**On Rehearing.**

4. BROKERS &⟶86(6)—ACTIONS—EVIDENCE—SUFFICIENCY.

In action for commission by real estate broker, evidence *held* to show that broker agreed to a reduction in the amount of commission in consideration of principal taking an automobile as part of the purchase price in the sale of land listed to be sold on other terms.

5. BROKERS &⟶71—COMPENSATION—SALE BY OWNER ON DIFFERENT TERMS.

Where principal takes an automobile as part consideration in the sale of land under an agreement with broker that commission was to be only $50 instead of $300, the commission agreed upon in the event of a sale of the property under terms listed, broker will be held to such agreement, and cannot recover commission originally agreed on.

6. BROKERS &⟶71—AMOUNT—"CASH."

Where broker consented to a reduction in the amount of commission to $50 "cash" upon principal's agreement to sell land on different terms than those listed, the word "cash" did not indicate intention that the money was to be paid immediately and before trade was closed, but merely to show amount was to be paid in money, and not other things of value.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cash.]

Appeal from Coryell County Court; H. E. Bell, Judge.

Action by W. E. Rice against J. M. Britain. Judgment for plaintiff, and defendant appeals. Affirmed. On rehearing judgment reduced to $50.

See, also, 183 S. W. 84.

McClellan & McClellan, of Gatesville, for appellant. Mears & Watkins, of Gatesville, for appellee.

WALTHALL, J. In this case W. E. Rice sues J. M. Britain to recover the sum of $300, the amount alleged to be due as commission on the sale of land. The jury found in favor of Rice, the judgment was so entered, and Britain appeals.

The land was to be sold for $6,000, a part for cash and part on time, in which event Rice was to receive as commission the sum of $300. Rice found the purchaser, and the sale was eventually made. Britain pleaded general denial, and makes the further contention that after listing the land with Rice, and after the purchaser had been found, but before the sale had been closed, he communicated to Rice the offer made by the purchaser and told him that he could not afford to close the deal on the terms offered if he must pay to Rice the commission of $300, but that he would accept the offer if Rice would accept $50 in cash for his commission, that sum to be paid when the trade was closed.

Rice's contention is that before the trade was closed, Britain offered him the sum of $50 if he (Rice) would get out of the trade; that he offered to accept $50 in cash and get out of the trade, which sum Britain refused to pay; that he did not agree to accept said sum as his commission when said deal was closed, but was conditioned solely upon his getting out of the trade before any kind of contract of sale was consummated; that he then informed Britain, and thereafter informed him before the sale was consummated, that in the event of a sale he (Britain) would owe him a commission of $300.

Appellant presents four assignments of error: Insufficiency of the evidence to support the verdict; error in requiring Britain to testify on cross-examination as to the terms and conditions of the sale of the land, claiming that such testimony was immaterial, irrelevant, and incompetent, and tended to impeach and discredit witness by proof of a collateral and immaterial issue; error in permitting a witness to testify that before the sale was perfected Britain asked the witness whether he would be liable for commission where he had listed the land for sale for cash and a purchaser had been procured who had offered the price in trade or notes, and if under such circumstances a commission would be due, whether he would have to pay such commission if he did not close the sale within the time allotted to procure a purchaser, claiming such evidence to be immaterial and prejudicial, as showing bad faith, an attempt to impeach appellant by proof on an immaterial fact and foreign to the case, and because appellant did not seek to avoid payment on the ground that a purchaser had not been found on terms, or within the time authorized; error in refusing a special charge to find for appellant for the sum of $50, and no more.

[1-3] The court was not in error in any of the matters pointed out in the assignments. The pleadings tender issues showing a dispute between appellant and appellee as to the terms of the contract and the amount to be paid and the good faith of appellant in executing the two deeds to the purchaser, and the evidence tends to throw light on the matters in controversy. The burden was on the appellee to show that he was entitled to a commission of $300, rather than the sum of $50, for getting out of the trade. The evidence was sufficient to support appellee's contentions. The assignments are overruled.

The case is affirmed.

**On Rehearing.**

HARPER, C. J. [4] Upon review of this appeal we have concluded that it is purely a fact case, and that upon a proper construction of the undisputed evidence appellant should recover instead of appellee, as held in the original opinion. The question to be determined is: Is appellee entitled to recover $300 or $50 as commission for finding the purchaser of appellant's land? It is agreed

that the land was listed to be sold for $6,000, at 5 per cent. commission.

Appellee testified:

"In the first conversation * * * when the defendant listed the land with me he did not tell me he wanted all cash if he sold it, but that, if I could get $3,000 or $4,000 in cash, he could run over a note which his mother held against the land for the balance.

"The next conversation I had with defendant * * * was on the 20th day of August, 1914. * * * He told me that Stanfield * * * had offered to buy * * * for $6,000 if he (Britain) would take an automobile as a cash payment of $650 and notes for the balance. * * * He further said that he could not close a sale without taking in the automobile, and that he could not afford to take it and notes if he would have to pay me a commission of $300. At that time he offered to pay me a commission of $300, if I would take the automobile for my commission and pay him the difference of $350. I told him that I could not do that, and he then said he would close the trade if I would take $50 for my commission. I thought $50 better than nothing, so I told him if he would pay me $50 in cash I would get out of the trade. He agreed to this, and said he would see if he couldn't close the trade with Stanfield. No; there wasn't a word said at that time about his paying me the $50 when the trade was closed. I understood that it was to be cash.

"I had another conversation with Britain about October 5, 1914, and demanded the $50, and told him he knew it was to be paid in cash. He said he would pay it when the sale was closed. I then told him that, if he closed the trade, I would hold out for the whole $300. Afterwards, in November, 1914, he told me that he had closed the trade, and offered me $50 in cash as my commission. I did not accept it, and refused the $50 tendered into court."

The appellant's testimony is almost identical with the above, with the additional statement that "the $50 in cash was to be paid when the trade was closed." Whether or not the time of payment of the $50 was stated makes no difference; for clearly the conversation detailed conveys no other meaning than that it was to be paid when the sale was closed, with the automobile as a part of the consideration.

[5] The rule is that an agent is entitled to his commission when he produces a purchaser who is willing and able to purchase the property of the principal for the consideration and under the terms proposed. Appellee had not produced a buyer who was able and ready to purchase for cash and notes, but had offered an automobile as part consideration. This the principal could not and would not accept, evidently because it was not considered of the value fixed for it, so the principal made another offer to the agent (appellee) to allow $50 commission and take the automobile. This second offer was accepted by appellee.

[6] Appellee insists that because "he understood that the $50 was to be cash" the time of its payment was fixed. The term "cash" in the connection used in the sentence conveys no such meaning, but only distinguishes between money and property, or other thing of value.

So, under the undisputed facts, appellee is only entitled to $50, and this was admitted by appellant and tendered into court. The motion for rehearing is granted, and the cause reversed and judgment here rendered that appellee recover of appellant the sum of $50 only. Costs below and upon appeal adjudged against appellee.

On rehearing Justice WALTHALL did not sit, being absent on committee of judges assisting the Supreme Court.